**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | |
|---|---|
| In re: | ) |
| | )   Case No. 309-09548 |
| **OLD TIME POTTERY, INC.,** | )   Chapter 11 |
| | )   Judge Lundin |
| Debtor. | ) |

**DEBTOR'S EXPEDITED MOTION TO EMPLOY HUDSON CAPITAL PARTNERS, LLC, AS INVENTORY DISPOSITION CONSULTANT, AND TO APPROVE STORE-CLOSING SALES, AND REQUEST FOR EXPEDITED HEARING HEREON**

Old Time Pottery, Inc., the debtor and debtor-in-possession herein (the "Debtor"), respectfully requests the expedited entry of an order (A) authorizing the Debtor to employ, pursuant to 11 U.S.C. § 327, Hudson Capital Partners, LLC (the "Consultant") as an inventory disposition consultant for the purpose of facilitating store-closing sales, and (B) authorizing the Debtor to conduct store-closing sales at eight (8) of the Debtor's thirty-eight (38) retail store locations. The Debtor has respectfully submitted herewith a proposed expedited order, scheduling an expedited hearing on this Motion and shortening the deadline for objections to this Motion. In support of this Motion, Debtor respectfully states as follows:

**SUMMARY OF RELIEF REQUESTED**

In compliance with LRBP 9075-1(b), Debtor respectfully states as follows:

1.     <u>Expedited Relief Requested</u>: Debtor requests that this Court enter an Order (A) approving the employment by the Debtor, pursuant to 11 U.S.C. §327, of the Consultant for the purpose of facilitating store-closing sales at eight (8) retail store locations, and (B) authorizing the Debtor, pursuant to 11 U.S.C. § 363, to conduct store-closing sales at these eight (8) locations.

2.     <u>Reason for Urgency</u>: With the knowledge and support of the Official Committee of Unsecured Creditors (the "Committee") and the Debtor's primary secured creditor, SunTrust

389306.2/2009771

Bank ("SunTrust"), the Debtor has negotiated with not less than five (5) liquidating companies to assist the Debtor in preparing for and facilitating store-closing sales at eight (8) of the Debtor's thirty-eight (38) stores. In order to take full advantage of the holiday buying season, the store-closing sales must commence no later than December 10, 2009. Thus, the employment of the company chosen to assist the Debtor, Hudson Capital Partners, LLC, the Consultant, must be approved on an expedited basis. The Debtor respectfully suggests that store-closing sales arguably are in the ordinary course of Debtor's business. However, in an abundance of caution, the Debtor seeks authority in this Motion to conduct store-closing sales at eight (8) of the Debtor's thirty-eight (38) stores, pursuant to 11 U.S.C. § 363(b). The hearing on this motion should be expedited so that the Consultant can prepare for the sales and have the sales ready to commence no later than December 10, 2009.

3. <u>Notice</u>: Notice of this Motion and the proposed Order granting this Motion, as well as the proposed Order setting an expedited hearing on this Motion, will be served electronically on all parties receiving notice through CM/ECF, including the United States Trustee, counsel for the Committee, SunTrust, and all other parties requesting electronic notice. Debtor will also serve a copy of this Motion and the proposed Order upon landlords of the applicable retail stores, utilities servicing the applicable stores, and the Attorneys General of the states in which the applicable stores are located, via first class United States mail, postage prepaid. Debtor respectfully asserts that such notice is sufficient. Upon entry of the Order setting an expedited hearing on this Motion, the Debtor will serve the Order is like manner.

4. <u>Hearing</u>: Debtor requests that the Court set a hearing on any timely and promptly filed objections to this Motion on November 17, 2009 or November 24, 2009, or as soon thereafter as is convenient for the Court. Debtor respectfully requests that the Court set a

deadline for filing objections to this Motion so that they are filed and received by counsel for the Debtor no later than twelve o'clock noon on November 16, 2009.

5.      Additional Statements:  Additional statements in support of this Motion are set forth in the following paragraphs.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), pursuant to which the Court may determine matters concerning the administration of the estate.  The Court possesses the requisite authority to grant the relief requested herein pursuant to 11 U.S.C. §§ 105, 327, and 363(b), and Fed. R. Bankr. P. 9007.

7.      On August 21, 2009 (the "Petition Date"), Debtor filed a voluntary petition in this Court under Title 11, Chapter 11, United States Code (the "Bankruptcy Code").  Pursuant to 11 U.S.C. §§ 1107 and 1108, Debtor remains in possession of its property as a debtor-in-possession, and continues to operate its business and manage its properties as such.  No trustee or examiner has been appointed.  An Unsecured Creditors' Committee has been formed and has employed counsel to represent the Committee.

8.      Debtor is generally in the business of operating home décor retail stores.  Debtor was founded in 1986 as a single store in Murfreesboro, Tennessee.  Presently, it operates 37 stores in twelve states throughout the Southeast and Midwest United States.  Debtor owns an additional store that is temporarily closed due to a fire.  The vast preponderance of Debtor's inventory is purchased from vendors outside the United States.

## RELIEF REQUESTED AND APPLICABLE AUTHORITY

9.      Debtor respectfully requests that the Court:

(a) Approve Debtor's employment of Hudson Capital Partners, LLC (the "Consultant"), pursuant to 11 U.S.C. § 327, to prepare for and facilitate store-closing sales at eight (8) of the Debtor's thirty-eight (38) retail locations; and

(b) Authorize the Debtor to proceed, pursuant to 11 U.S.C. §363(b), with store-closing sales at eight (8) of the Debtor's retail stores.

10.     The Debtor has identified eight (8) stores which need to be closed, and at which store-closing sales need to be conducted.  The Debtor seeks to retain and employ Consultant as the Debtor's consultant to conduct the store-closing sales.  Debtor's representatives have interviewed not less than five (5) companies which specialize in liquidating inventory in the retail industry.  Of those companies, Debtor believes the Consultant offers the Debtor the best opportunity of the five to liquidate inventory, dispose of furniture, fixtures and equipment, and conclude the sales, all in a timely manner.  The format and procedure to be utilized by Consultant is the most attractive alternative for the Debtor, and accomplishes the results desired by the Debtor, SunTrust Bank and the Committee in the period of time most beneficial to all such constituencies.  The Debtor is presently negotiating a consulting agreement (the "Consulting Agreement") with the Consultant whereby the Consultant will prepare for, facilitate and conduct store-closing sales, in consideration for a fee equal to 1.875% of gross proceeds generated during the store-closing sales, plus reimbursement of the Consultant's out-of-pocket expenses. The Debtor contemplates that the Consultant will provide any and all services to train and supervise employees, prepare the individual stores for the sales, and advertise, promote and market the sales (as allowed in the specific leases for the eight locations).  Further, the Consulting Agreement will provide that the store-closing sales will commence by December 10, 2009, and will conclude not later than January 31, 2010, after the holiday shopping season.  The Debtor contemplates that the Consultant will facilitate the sale of one hundred percent (100%) of

the inventory in the eight stores, and will also assist the Debtor in selling furniture, fixtures and equipment for a commission equal to twenty percent (20%) of the gross proceeds generated from the sale thereof. Pursuant to the Consulting Agreement, the Consultant will utilize nine (9) "consultants" for the sales; that is, one consultant will be at each of the eight (8) locations, and one consultant (a financial consultant) will be stationed at the Debtor's corporate headquarters.

11.     The Consultant and the Debtor have agreed that the sales will be conducted in accordance with the "Sale Guidelines" attached as **EXHIBIT A** hereto. Under the Consulting Agreement, the approval of the Sale Guidelines by this Court is a condition to the Consultant's engagement. The Debtor requests that the Court approve the Sale Guidelines and order that they shall apply and govern the store-closing sales, notwithstanding any restrictive covenant or lease terms to the contrary, including without limitation anti-alienation provisions which purport to limit, restrict or otherwise regulate store-closing sales.

12.     The Consultant holds no interest adverse to or connection with the Debtor, its creditors or other parties-in-interest, and the Consultant is a "disinterested person" for purposes of 11 U.S.C. 327. Attached as **EXHIBIT B** hereto is the Verified Statement James L. Schaye ("Schaye"), the President and Chief Executive Officer of the Consultant.[1]

13.     It is in the best interests of this estate and its creditors to proceed with the eight (8) store-closing sales discussed herein. The eight (8) stores have been identified because of various business factors, including profit margins, property lease issues, area competition and/or revenue growth possibilities. The decision to sell assets outside the ordinary course of business (if indeed these sales could be considered outside the ordinary course) rests within the sound business judgment of the Debtor. As demonstrated, the Debtor's reasons for proceeding with

---

[1] The Consultant is in the business of assisting companies in liquidating inventory or selling other assets. The Consultant is located at One Gateway Center, Suite 402, Newton, Massachusetts 02458. In most instances, the Consultant requires a fee for preparing and conducting such store closing sales equal to 3% of the gross proceeds of the sales. However, the Debtor has negotiated a commission equal to 1.875% of the gross proceeds of the sales.

389306.2/2009771

store-closing sales are many and justified, and it is important to the reorganization efforts of the Debtor that the store-closing sales proceed during the holiday shopping season uninterrupted. To that end, the Consulting Agreement will include a provision that this Court's order approving the engagement of the Consultant and the conduct of the store-closing sales shall provide that no person or entity shall take any action, without first seeking authority or permission of this Court, to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the sales and all such parties and persons, including landlords and utility companies, are prohibited from (a) interfering in any way with, or otherwise impeding the conduct of the sales and/or (b) instituting any action or proceeding in any court seeking an order or judgment against, among others, the Debtor or the Consultant that might obstruct or otherwise interfere with or adversely affect the conduct of the sales and/or seek to recover damages for breach(es) of covenants or provisions in any lease based upon any relief authorized therein.

14.    Disclosure at this time of the specific locations for the store-closing sales is not possible because such disclosure would put the Debtor at an immediate competitive disadvantage as respects other retail stores in the specific areas. The identity of the stores will be disclosed after the Debtor has discussed store-closing procedures with landlords of the eight (8) locations, and no later than the hearing on this Motion.

15.    As noted above, the Debtor seeks authority to employ the Consultant as a professional under 11 U.S.C. §327. The Consultant's specific services include supervising the preparation, oversight and conduct of the sales as well as the liquidation and disposal of all merchandise in the affected stores. The services shall also include point-of-sale advertising and external advertising, pricing and discounting of merchandise, staffing the stores for the sales, and implementing appropriate bonus and incentive programs for store employees. Sale expenses shall be the responsibility of the Debtor, including the costs of the Consultant at each location,

and the Debtor will be responsible for advancing $75,000 as an expense deposit. The Debtor believes and hereby represents that the terms of the Consulting Agreement are being negotiated in good faith and will be fair and reasonable under the circumstances. A copy of the Consulting Agreement will be made available to any party in interest after said agreement is fully negotiated, and no later than the hearing on this Motion.

16.     The title to all merchandise in the stores shall remain with the Debtor at all times, up to the point the merchandise is sold to a customer. Thus, the inventory is not to be sold to the Consultant; the Consultant is simply facilitating the sale of the merchandise from the Debtor to the ultimate consumer in the store-closing sales.

17.     As noted above, the Committee and SunTrust generally approve of the employment of the Consultant, but the Committee reserves its right to object to any specific terms in the Consulting Agreement, which is not yet finalized. The Committee and SunTrust support the Debtor's request to conduct store-closing sales at the eight (8) stores and the general plans for doing so discussed herein; however, the Committee reserves the right to object to any specific terms in the Consulting Agreement. Further, the Debtor has notified the Office of the United States Trustee of the relief requested in this Motion.

WHEREFORE, the Debtor respectfully prays as follows:

1.     That the Debtor be authorized, pursuant to 11 U.S.C. § 327, to employ the Consultant on the terms described hereinabove;

2.     That the Debtor be authorized, pursuant to 11 U.S.C. § 363(b), to conduct store-closing sales at eight (8) of the Debtor's thirty-eight (38) retail locations, as described hereinabove;

3.      That the provisions of Rule 6004, Rules of Bankruptcy Procedure, be waived with respect to the store-closing sales, and the Order approving the store-closing sales and Hudson's engagement be effective and enforceable upon entry; and

4.      That the Court shorten the period for objecting to this Expedited Motion to provide that any such objections must be filed by 12:00 noon on November 16, 2009, and that the hearing on this Expedited Motion and any timely-filed objections hereto be scheduled by the Court for November 17, 2009 or November 24, 2009, so that the anticipated store-closing sales can commence not later than December 10, 2009.  A proposed order setting an expedited hearing on this Motion is respectfully submitted herewith.


Debtor respectfully requests such other and further relief as is just.

This the 6th day of November, 2009.


/s/ Thomas H. Forrester
Thomas H. Forrester
Gullett, Sanford, Robinson & Martin, PLLC
P.O. Box 198888
Nashville, TN 37219-8888
(615) 244-4994
tforrester@gsrm.com; bke@gsrm.com

Attorneys for Old Time Pottery, Inc.
Debtor-in-Possession

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2009, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

/s/ Thomas H. Forrester
Thomas H. Forrester