IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In re: )
 ) Case No. 309- 09548
**OLD TIME POTTERY, INC.,** ) Chapter 11
 ) Judge Lundin
  Debtor. )

## ORDER GRANTING DEBTOR'S EXPEDITED MOTION
## TO EMPLOY HUDSON CAPITAL PARTNERS, LLC
## AS INVENTORY DISPOSITION CONSULTANT, AND TO APPROVE
## STORE CLOSING SALES

This matter is before the Court on the Expedited Motion of the above-referenced Debtor and Debtor-in-Possession ("Debtor") to employ, pursuant to 11 U.S.C. § 327, Hudson Capital Partners, LLC ("HCP") as an inventory disposition consultant for the purpose of facilitating store-closing sales, and to authorize the Debtor to conduct store-closing sales at eight of the Debtor's retail locations (the "Motion"). This matter came on for hearing on November ___, 2009.

IT APPEARS to the Court that proper and adequate notice was given to parties-in-interest under the circumstances of this case, and that no objections were timely filed by parties-in-interest;

AND IT FURTHER APPEARS that good cause has been demonstrated by the Debtor to employ HCP upon the terms and provisions described by the Debtor in the Motion, HCP having no interest adverse to or connections with the Debtor, members of the Committee and other creditors, their counsel or the United States Trustee;

389426.2/2009771

AND IT FURTHER APPEARS that good cause has likewise by demonstrated by the Debtor for implementing and conducting store-closing sales at eight of the Debtor's retail stores;

AND IT FURTHER APPEARS that the Debtor's secured lender, SunTrust Bank, and the Official Committee of Unsecured Creditors support the relief requested in the Motion;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is granted in full.

2. The Debtor is authorized to employ HCP upon the terms and conditions described in the Motion.

3. The Debtor is authorized to implement and conduct store-closing sales at eight of the Debtor's retail locations, as described in the Motion.

4. The store-closing sales shall be conducted in accordance with the Motion and the Sale Guidelines, described in and attached to the Motion, notwithstanding any restrictive covenants or lease terms to the contrary, including without limitation anti-alienation provisions which purport to limit, restrict or otherwise regulate store-closing sales.

5. No person or entity shall take any action, without first seeking authority or permission of this Court, to directly or indirectly prevent, interfere with, or otherwise hinder consummation of the sales and all such parties and persons, including landlords and utility companies, are prohibited from (a) interfering in any way with, or otherwise impeding the conduct of the store-closing sales contemplated in the Motion, and/or (b) instituting any action or proceeding in any court seeking an order or judgment against, among others, the Debtor or HCP that might obstruct or otherwise interfere with or adversely affect the conduct of the store-closing sales and/or seek to recover damages for breach(es) of covenants or provisions in any lease based upon any relief authorized therein.

6.      The provisions of Rule 6004, Rules of Bankruptcy Procedure, are hereby waived with respect to the store-closing sales, and this Order approving the store-closing sales and HCP's engagement shall be effective and enforceable immediately upon entry of this Order.

This the ____ day of November, 2009.

**THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE.**

APPROVED FOR ENTRY:

/s/ Thomas H. Forrester
Thomas H. Forrester
Gullett Sanford Robinson & Martin, PLLC
Counsel for Debtor-in-Possession
Suite 1100
315 Deaderick St.
P. O. Box 198888
Nashville, TN 37219-8888
615-244-4994
Fax 615-256-6339
tforrester@gsrm.com; bke@gsrm.com