# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| **OLD TIME POTTERY, INC.,** | ) Case No. 09-09548-KL3-11 |
| | ) |
| Debtor. | ) |

## AGREED ORDER GRANTING DEBTOR'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF LAWSUIT PENDING IN SEMINOLE COUNTY, FLORIDA AND OF CLAIM NO. 307 FILED IN THIS CASE

This matter is before the Court on the Motion of Old Time Pottery, Inc., the Debtor and Debtor-in-Possession in the above-styled case ("Debtor"), for the entry of an order approving, pursuant to Fed. R. Bankr. P. 9019, the compromise and settlement of a lawsuit styled *Lake Mary Business Trust (Formerly Edward B. Lipkin, as Trustee Under Trust Agreement Dated September 30, 1994) v. Old Time Pottery, Inc., Specialty Roofing and Coating Co, Inc. and Marc E. Schmidter,* Docket No. 06-CA-2556-11G in the Circuit Court of Seminole County, Florida Civil Division, Docket No. (the "Lawsuit"), and Claim No. 307 filed in this case.

AND IT APPEARING that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; venue is proper pursuant to 28 U.S.C. § 1409; this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O); and this Court has the authority to grant the relief requested herein pursuant to 11 U.S.C. § 105.

AND IT, FURTHER, APPEARING that the parties agree and stipulate as follows:

1. Before the Petition Date, Debtor was a party to that certain lease of improved real property, entered into on or about February 18, 2002, under which Debtor was the Lessee and

Lake Mary Business Trust (Formerly Edward B. Lipkin, as Trustee Under Trust Agreement Dated September 30, 1994) ("Landlord") was the Lessor. The property covered by the Lease was generally identified and described as 3750 Flagg Lane, Lake Mary, FL (the "Property"). The Lease expired by its own terms on March 31, 2006. Thus, the Lease was not an executory contract to be assumed or rejected in this case, and Landlord has no rejection claim under 11 U.S.C. § 502b)(6).

2. During the term of the Lease, the roof of the Property needed repair. As required under the Lease, Debtor caused the repairs (the "Roof Work") to be performed by Specialty Roofing & Coating Co., Inc. and paid the amount owed therefor.

3. Landlord complained that the Roof Work was not satisfactory, that it leaked, and that it was not the proper kind of roof for the structure. It filed a lawsuit against the following Defendants: Debtor, Specialty Roofing and Coating Co., Inc. and Mr. Marc E. Schmidter, principal of Specialty Roofing, in the Circuit Court of Seminole County, Florida, Civil Division, Docket No. 06-CA-2556-11G (the "Lawsuit"). The Complaint in the Lawsuit alleged, under several theories, that Debtor and/or the Co-Defendants were liable for damages including costs of repairing and replacing the roof, cost and expense to repair and maintain the Property, and attorney fees and costs associated with enforcing its rights.

4. Prior to the Petition Date, Debtor vigorously defended the Lawsuit, denying that it is liable to Landlord. Pursuant to 11 U.S.C. § 362, the Lawsuit was automatically stayed by the commencement of this case, and the automatic stay remains in effect as to the Lawsuit.

5. On November 24, 2009, Landlord filed a timely proof of claim (Claim No. 307) (the "Claim") in the amount of $2,460,364.64.

6. Debtor denies that it is liable to, or indebted to, Landlord for any amount and asserts that any claim in favor of Landlord, including the Claim, should be disallowed.

7. Since the Petition Date, Debtor and Landlord have been negotiating toward a possible settlement of the Lawsuit and the Claim, and after lengthy discussions, the Debtor and Landlord have negotiated a compromise and settlement (the "Settlement").

8. The terms of the proposed Settlement are in full and complete payment and satisfaction of any and all claims that Landlord may have or may ever have had against Debtor, and in full and complete payment and satisfaction of any and all debts, liabilities and obligations that Debtor may have to Landlord:

A. Debtor shall pay to Landlord a total of $225,000.00, with $175,000.00 to be paid upon this Court's approval of the proposed Settlement, and $50,000.00 to be paid when Debtor makes its second and final installment payment to holders of allowed Class 6 Claims under its confirmed Chapter 11 Plan in December 2010.

B. Upon approval of this proposed Settlement and the making of the initial payment of $175,000.00, Landlord shall dismiss the Lawsuit against Debtor with prejudice and the parties shall execute and deliver to one another a full Mutual Release in the form attached hereto as **Exhibit A**.

C. The terms set forth herein and in this Agreed Order approving this proposed Settlement, shall be binding upon and inure to the benefit of the parties, their officers, directors, employees, agents, managers, representatives, insiders, successors and assigns.

D. This Settlement shall constitute allowance of the Claim only to the extent specifically set forth herein and in the parties' proposed Agreed Order, and disallowance of the Claim to any other or further extent.

9. Debtor and Landlord entered into and conducted the settlement negotiations in good faith. Each party has had access to legal counsel during the negotiations. Each party has

considered the costs and risks associated with litigating the Lawsuit and the Claim, as well as the time and resources required to reach an adjudication through litigation.

AND IT, FURTHER, APPEARING that the resolution of the Lawsuit and the Claim, as described in the Motion, is reasonable in all respects and in the best interests of the Debtor, the estate and the creditors and should be approved.

AND IT, FURTHER, APPEARING that the proposed compromise and settlement was negotiated and entered into in good faith.

AND IT, FURTHER, APPEARING that good and sufficient notice of the Motion and the proposed Agreed Order has been given, that no timely Objections to the Motion or the proposed Agreed Order were filed and served, and that no further notice hereof or hearing hereon is necessary,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED as follows:

1. The Motion is hereby granted.

2. The proposed compromise and settlement of the above-described Lawsuit and the Claim is hereby approved in all respects.

3. The Claim is hereby allowed only to the extent specifically set forth herein, and is disallowed to any other or further extent.

4. The parties are hereby authorized and instructed to enter into, consummate and perform the proposed compromise and settlement according to its terms.

5. Promptly upon this Agreed Order's becoming final and nonappealable,

    A. Debtor shall pay to Landlord the sum of $175,000.00.

    B. Landlord shall dismiss the Lawsuit against Debtor with prejudice. This Agreed Order does not require Landlord to dismiss the Lawsuit against the other Defendants in the Lawsuit.

C. The parties shall execute and deliver to one another the full Mutual Release the form of which was attached to the Motion as Exhibit A.

5. Debtor shall pay to Landlord the sum of $50,000.00 in December 2010 at the time its confirmed Plan of Reorganization provides that Debtor's second and final installment payment to Class 6 Claimants shall be made.

ENTER this the 7th day of June, 2010.

> This Order was signed and entered electronically as indicated at the top of the first page.

APPROVED FOR ENTRY:

/s/Linda W. Knight
Linda W. Knight
GULLETT, SANFORD, ROBINSON & MARTIN, PLLC
Counsel for Debtor-in-Possession
P.O. Box 198888
Nashville, TN 37219-8888
(615) 244-4994
lknight@gsrm.com; bke@gsrm.com


/s/ Leslie Beth Baskin, Esq. by LWK by permission
Spector Gadon & Rosen, P.C.
Counsel for Lake Mary Business Trust
7th Floor
1635 Market Street
Philadelphia, PA 19103
215-241-8888
Fax 215-531-9145
lbaskin@lawsgr.com

# EXHIBIT A

# MUTUAL RELEASE

THIS RELEASE, executed as of the ___ day of _____, 2010, by and between **OLD TIME POTTERY, INC.**, having its principal place of business at 480 River Rock Blvd., Murfreesboro, TN 38128 (hereinafter, "Tenant") and **LAKE MARY BUSINESS TRUST (FORMERLY EDWARD B. LIPKIN, AS TRUSTEE UNDER TRUST AGREEMENT DATED SEPTEMBER 30, 1994)**, having its principal place of business at _____ ( hereinafter, "Landlord")

## W I T N E S S E T H:

WHEREAS, On August 21, 2009 (the "Petition Date"), Tenant filed a voluntary petition under Title 11, Chapter 11, United States Code (the "Code"), Docket No. 09-09548-KL3-11 (the "Case"), in the United States Bankruptcy Court for the Middle District of Tennessee (the "Court").

WHEREAS, no Trustee has been appointed or elected in the Case, and Tenant was automatically continued, and remains, in possession of its property as Debtor-in-Possession and continues to operate its business and manage its properties as such.

WHEREAS, Landlord and Tenant were parties to that certain Lease of improved real property, entered into on or about February 18, 2002, under which Landlord was the Lessor and Tenant was the Lessee.

WHEREAS, the real property covered by the Lease was generally identified and described as 3750 Flagg Lane, Lake Mary, FL (the "Property").

WHEREAS, the Lease expired by its own terms on March 31, 2006 and was no longer in effect on the Petition Date.

WHEREAS, during the term of the Lease, the roof of the Property needed repair and, as required under the Lease, Tenant caused the repairs (the "Roof Work") to be performed by Specialty Roofing & Coating Co., Inc. and paid the amount owed therefor.

WHEREAS, Landlord complained that the Roof Work was not satisfactory, that it leaked, and that it was not the proper kind of roof for the structure.

WHEREAS, Landlord filed that certain lawsuit styled *Lake Mary Business Trust (Formerly Edward B. Lipkin, as Trustee Under Trust Agreement Dated September 30, 1994) v. Old Time Pottery, Inc., Specialty Roofing and Coating Co, Inc. and Marc E. Schmidter*, in the Circuit Court of Seminole County, Florida, Civil Division, Docket No. 06-CA-2556-11G (the "Lawsuit").

WHEREAS, the Complaint in the Lawsuit alleged, under several theories, that Tenant and/or the Co-Defendants were liable to Landlord for damages including costs of repairing and replacing the roof, cost and expense to repair and maintain the Property, and attorney fees and costs associated with enforcing its rights.

WHEREAS, prior to the Petition Date, Tenant vigorously defended the Lawsuit, denying that it is liable to Landlord.

WHEREAS, pursuant to 11 U.S.C. § 362, the Lawsuit was automatically stayed by the commencement of the Case, and the automatic stay remains in effect as to the Lawsuit.

WHEREAS, on November 24, 2009, Landlord filed a timely proof of claim in the Case (Claim No. 307) (the "Claim") in the amount of $2,460,364.64.

WHEREAS, Tenant denies that it is liable to, or indebted to, Landlord for any amount and asserts that any claim in favor of Landlord, including the Claim, should be disallowed in the Case.

**WHEREAS**, after the Petition Date, Landlord and Tenant negotiated a compromise and settlement of the Lawsuit and the Claim (the "Settlement").

**WHEREAS**, on May 13, 2010, Tenant filed that certain Motion (the "Motion") to approve the Settlement, and gave notice thereof to the parties and in the manner approved by the Court (Docket No. ___ in the Case).

**WHEREAS**, under the terms of the Settlement, in full and complete payment and satisfaction of any and all claims that Landlord may have or may ever have had against Tenant, and in full and complete payment and satisfaction of any and all debts, liabilities and obligations that Tenant may have to Landlord:

    A.    Tenant would pay to Landlord a total of $225,000.00, with $175,000.00 to be paid upon the Court's approval of the Settlement, and $50,000.00 to be paid when Tenant makes its second and final installment payment to holders of allowed Class 6 Claims under Tenant's confirmed Chapter 11 Plan in December 2010.

    B.    Upon approval of the Settlement and the making of the initial payment of $175,000.00, Landlord would dismiss the Lawsuit with prejudice and the parties would execute and deliver to one another this full Mutual Release.

    C.    The terms set forth herein, in the Motion, and in the parties' Agreed Order approving this proposed Settlement which was Exhibit B to the Motion, would be binding upon and inure to the benefit of the parties, their officers, directors, employees, agents, managers, representatives, insiders, successors and assigns.

    D.    The Settlement would constitute allowance of the Claim only to the extent specifically set forth herein, in the Motion, and in the Agreed Order, and disallowance of the Claim to any other or further extent.

WHEREAS, by Agreed Order entered _____, 2010 (Docket No. ___ in the Case), a copy of which is attached hereto and made a part hereof, the Court granted the Motion, approved the proposed Settlement, and ordered the parties to consummate the same.

WHEREAS, the parties enter into this Release advisedly, and after consulting with counsel and giving due consideration thereto,

WHEREAS, this Release does not release Landlord's claims or causes of action against any other Defendant in the Lawsuit, and the dismissal of Lessee from the Lawsuit does not dismiss the Lawsuit as to the remaining Defendants; and

NOW, THEREFORE, the parties hereto, intending to be bound hereby, do hereby stipulate, covenant and agree as follows:

**FOR AND IN CONSIDERATION OF THE SUM OF ONE DOLLAR ($1.00)** and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Landlord does hereby release and forever discharge Tenant, its officers, directors, employees, agents, managers, representatives, insiders, successors and assigns, from each and every claim, demand, or cause of action whatsoever, in law, equity or otherwise, known and unknown, which Landlord ever had, now has, or may in the future acquire power to assert, by reason of any fact, cause or thing whatsoever, from the beginning of the world to the date of these presents, *except for* the obligations described in the Motion, the Agreed Order and this Release; and

**FOR AND IN CONSIDERATION OF THE SUM OF ONE DOLLAR ($1.00)** and of other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Tenant does hereby release and forever discharge Landlord, its officers, directors, employees, agents, managers, representatives, insiders, successors and assigns, from each and every claim, demand, or cause of action whatsoever, in law, equity or otherwise, known and unknown, which Tenant ever had, now has, or may in the future acquire power to assert, by reason of any fact,

cause or thing whatsoever, from the beginning of the world to the date of these presents, *except for* the obligations described in the Motion, the Agreed Order and this Release.

This Release may be executed in duplicate, each of which shall constitute but one Release.

**IN WITNESS WHEREOF**, the undersigned has executed this instrument at Nashville, Tennessee this ___ day of _____, 2010.

| | |
|---|---|
| **OLD TIME POTTERY, INC.** | **LAKE MARY BUSINESS TRUST** |
| By: _____ | By: _____ |
| Its: _____ | Its: _____ |

STATE OF TENNESSEE )
COUNTY OF RUTHERFORD )

    Personally appeared before me, the undersigned, a Notary Public in and for said county and state, _____, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence), and who, upon oath, acknowledged himself [herself] to be the _____ of Old Time Pottery, Inc., the within named bargainor, a corporation, and that [s]he, as such _____, executed the foregoing instrument for the purposes therein contained, by signing the name of the corporation by himself [herself] as _____.

    Witness my hand at Murfreesboro, Tennessee, this ___ day of _____, 2010.

_____
Notary Public

My Commission Expires: _____